UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TARGET CORPORATION,

    Third-Party Plaintiff,

v.                          Case No: 2:17-cv-301-FtM-99MRM

PRESTIGE FACILITIES SERVICES GROUP, INC. and GIUSEPPE TROMBA,

    Third Party Defendants.

## OPINION AND ORDER

This matter comes before the Court on third-party plaintiff Target Corporation's Motion for Default Judgment Against Prestige Facilities Services Group, Inc. (Doc. #31) filed on December 18, 2017. No response has been filed by either third-party defendant, and the time to respond has expired.

**I.**

On June 2, 2017, defendant Target Corporation (Target) removed a suit filed by Capital Solutions Bancorp LLC (Capital) from Lee County Circuit Court to federal court. Target filed an Answer (Doc. #9), and on June 23, 2017, Target filed a Third-Party Complaint (Doc. #15) against Prestige Facilities Services Group, Inc. (Prestige) and Giuseppe Tromba (or Joe Tromba). Capital and Target reached a settlement, and the original Complaint was

dismissed with prejudice.  Only the third party complaint remains before the Court.

On October 13, 2017, the Court ordered the Answer (Doc. #22) filed by Tromba on behalf of himself and Prestige stricken, and directed Tromba to file an amended answer on only his own behalf, and for Prestige to file an amended answer only through counsel. (Doc. #25.)  Defendant Giuseppe Tromba filed an Amended Answer (Doc. #27) on his own behalf, however Prestige did not file an appearance or amended answer through counsel.  Consequently, Target moved for and was granted a default against Prestige. (Docs. ## 28-29.)  On December 6, 2017, a Clerk's Entry of Default (Doc. #30) was issued, and Target now seeks a default judgment against Prestige under Fed. R. Civ. P. 55(a).

**A. Third Party Complaint**

Prestige is deemed to have admitted only the well-pled factual allegations in the Third-party Complaint, which are as follows: Target contracted with Prestige Facilities Services Group, Inc. (Prestige) to construct gender-neutral bathrooms in its Minnesota stores pursuant to a Program Agreement for Goods and Services (Program Agreement).  Pursuant to the Program Agreement, among other things Prestige was required to pay all subcontractors hired, to take no action to cause a lien to be filed against Target or any Target asset, to ensure that no liens were filed against any

Target property for services performed or materials provided, and to take prompt action to release any lien filed against Target.

Target alleges that Prestige hired a number of subcontractors. Target paid Prestige all amounts due under the Program Agreement, however Prestige failed to pay the subcontractors. Pursuant to a Minnesota Statute, liens attached to Target's real property when the subcontractors were not paid. Target alleges that Prestige breached its obligations under the Program Agreement by failing to pay the subcontractors, and causing the liens on Target's property to exist.

Without Target's knowledge, Prestige entered into an Accounts Receivable Purchase Agreement with Capital Solutions Bancorp, LLC (Capital), and assigned its accounts receivable from Target to Capital. Target inquired as to whether Capital was indeed entitled to the payments, to which Prestige replied in the negative, stating that Capital did not represent the company in any capacity and payments should still be made to Prestige. Joe Tromba responded that Capital was making false representations regarding the relationship which did not exist. As a result, Target made payments totaling $577,732 to Prestige, for which they were sued by Capital for failure to pay under the assignment.

Target asserts a breach of the Program Agreement (Doc. #15-1, Exh. A), which is attached to the Third-Party Complaint,

intentional misrepresentation, and negligent misrepresentation against Prestige. The Declaration of Joel Peters (Doc. #31-1, Exh. 1), an employee of Target, provides a break down of the amounts paid to Capital and each of the alleged subcontractors. Attached to the Declaration are the invoices for the payments. Target seeks a total of $577,000 in damages based on the payments it made.

**B. Applicable Law**

When a defendant defaults, it is "deemed to admit the plaintiff's well-pleaded allegations of facts," but not conclusions of law or facts not well-pleaded. Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1245 (11th Cir. 2015). To warrant a default judgment, the facts alleged in the pleadings must provide a sufficient basis for judgment. Id. (quoting Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). The sufficiency standard is that "necessary to survive a motion to dismiss for failure to state a claim." Id.

**II.**

**A. Count I, Breach of Contract**

In Count I, Target asserts a breach of the Program Agreement by Prestige by its failure to prevent or remove liens from Target's properties. Target alleges that Prestige failed to pay the

subcontractors after being paid in full by Target, which resulted in liens being filed against Target by the subcontractors. Target argues that Prestige breached the Program Agreement by failing to then take swift action to remove and release all liens, and Target suffered damages. Target relies on paragraph 7.4 of the Program Agreement, which states:

> Supplier will take no action to cause a lien to be placed or filed against Target or any Target asset, including any real estate owned, controlled, or leased by Target (collectively, "Target Property"). In addition, Supplier will ensure that no liens related to Services performed or materials provided under this Program Agreement are filed against any Target Property. Supplier waives any right it may have to file a lien against any Target Property, such waiver being given with full knowledge and understanding that Supplier is looking only to Target for payment under this Program Agreement. Supplier must cause any lien that may be filed against any Target Property to be promptly released and/or bonded against and/or discharged of record.

(Doc. #15-1, Exh. A, pp. 3-4.) Target paid the subcontractors a total of $444,680.41 for amounts allegedly owed to them by Prestige. Target did not attach proof of the liens, however the allegations in the Third-Party Complaint that Prestige hired subcontractors and the subcontractors include, among others, Guerriero's Construction, Ellingson Plumbing, Heating, A/C & Electrical, Flare Heating and Air Conditioning, Inc., Life Safety

Systems, Inc. and Summit Companies are deemed admitted. (Doc. #15, ¶¶ 13- 14.)

Guerreiros Construction corresponded directly with Target to request payment to Prestige as the general contractor, so they could in turn be paid, and Tromba admitted there was a work-for-hire agreement with Guerreiros Construction in his Amended Answer. (Doc. #15-2, Exh. B, p. 6; Doc. #27, ¶ 4.) Target paid Guerreiros a total of $278,306.35. (Doc. #31-1, Exh. A, p. 6.) Target provided the invoice for this payment, along with the invoices for the other payments in the amount of $158,879.06 to Ellingson, $7,495.00 to Summit, and an additional $132,319.59 to Capital for the settlement. The motion for a default judgment as to Count I will be granted.

### B. Counts II and III

In Counts II and III, Target alleges intentional and negligent misrepresentation, respectively, against both Prestige and Tromba individually. Target alleges that defendants falsely represented that they had no relationship with Capital, or breached the duty of care to supply accurate information; and that defendants knew that the representation was false at the time it was made, and they intended to have Target reply on the misrepresentation to induce direct payment to Prestige and not Capital, or that Prestige made the representation without exercising a reasonable duty of

care.  Target alleges that it reasonably or justifiably relied on the misrepresentation in deciding to pay Prestige, and suffered damage as a result of the fraud.

Attached to the Third-Party Complaint is an e-mail chain reflecting a response from Prestige stating: "I apologize for [Capital's] nonsense and false representations.  I'm not sure what they're thinking, but my attorney will put an end to it.  They do not represent my company in any capacity."  (Doc. #15-2, Exh. B, p. 2.)  Prestige also indicated that all payments would still be made to Prestige, and it did not know why Capital was contacting Target.  (Id.)  The original Complaint filed by Capital attached the Accounts Receivable Purchase Agreement with Prestige.  (Doc. #2-1, Exh. A.)  Target paid Capital $132,319.59 to settle its claims against Target, after having paid Prestige the total amount under the Program Agreement.  (Doc. #31-1, Exh. D, p. 12.)

Based on the allegations, it would appear that Target is entitled to judgment as to Counts II and III against Prestige for the amount paid to Capital.  The motion will be granted as to these counts.

The Court notes that Counts II and III are fully incorporated into all preceding paragraphs, including Count I, resulting in a shotgun pleading condemned by the Eleventh Circuit.  See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 (11th

Cir. 2015). When faced with a pleading containing "irrelevant factual allegations and legal conclusions", <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002), the Court has an obligation to exercise its "inherent power to manage its docket", and direct that the complaint be repleaded. <u>Weiland</u>, 792 F.3d at 1321 n.10. In this case, the Court will redact the paragraphs that incorporate all preceding paragraphs to rectify the error.

Accordingly, it is hereby

**ORDERED:**

1. The Third-Party Complaint (Doc. #15) is redacted to incorporate only the relevant and applicable factual allegations as follows: Paragraph 27 shall incorporate only paragraphs 8 through 17 and paragraphs 31 and 37 shall only incorporate paragraphs 18 through 26.

2. Third-Party Plaintiff Target Corporation's Motion for Default Judgment Against Prestige Facilities Services Group, Inc. (Doc. #31) is **GRANTED** in favor of Target Corporation and against Prestige Facilities Services Group, Inc. in the amount of $577,000, for total damages on all counts, with post-judgment interest accruing at the applicable legal rate upon the entry of judgment until paid. The Clerk shall withhold the entry of judgment until

the conclusion of the case but terminate third-party defendant Prestige Facilities Services Group, Inc. as an active party in the case.

**DONE and ORDERED** at Fort Myers, Florida, this __6th__ day of February, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record