UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TARGET CORPORATION,

    Third-Party Plaintiff,

v.                          Case No: 2:17-cv-301-FtM-99MRM

PRESTIGE FACILITIES SERVICES GROUP, INC. and GIUSEPPE TROMBA,

    Third Party Defendants.

## OPINION AND ORDER

This matter comes before the Court on the defendant's Motion for Summary Judgment Against Giuseppe Tromba a/k/a Joe Tromba (Doc. #33), filed on February 20, 2018. Plaintiff filed a verified Opposition (Doc. #44) in response on April 5, 2018.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A

court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

Third-party plaintiff Target Corporation (Target) seeks summary judgment against defendant Giuseppe Tromba (Mr. Tromba or defendant) in the amount of $132,319.59 based on certain admissions contained in Mr. Tromba's Amended Answer, the attached Declarations of Joel Peters and Matthew R. McBride, and primarily Mr. Tromba's failure to respond to Target's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission. Defendant's opposition to the motion does not dispute his failure to respond to the discovery requests, but does oppose summary judgment.

As admitted in the Amended Answer, Target contracted with Prestige, a general contractor, to construct gender-neutral bathrooms in certain Minnesota stores. The agreement was governed by a Program Agreement for Goods and Services. (Doc. #15 & Doc. #27, ¶¶ 8-9.) Independently of the Target agreement, a Factoring Agreement was signed by Tromba's wife on behalf of Prestige which entitled Capital Solutions Bancorp LLC to receive the amounts Target owed to Prestige. (Doc. #2-1; Doc. #33-4, Exh. D.) Mr. Tromba did not sign the Factoring Agreement, and denies that there was an agreement.

On March 2, 2017, in response to an email from Target, Prestige directed that all payments from Target should still be made to Prestige, and stated "I don't know why Capital [S]olutions

3

Bancorp is contacting you, but they do not represent my company in any capacity nor provide any services." Target responded that it seemed like there should be some correspondence between Prestige and Capital Solution, to which Prestige replied "I will have my attorney contact [Capital] tomorrow" and "They do not represent [Prestige] in any capacity." (Doc. #15 & Doc. #27, ¶¶ 21 22 23.) Target paid the money under its agreement to Prestige, only to be sued by Capital, which asserted it was entitled to the money that Target had paid to Prestige. Target eventually paid Capital $132,319.59 to settle that claim. (Doc. #33-3, Exh. C.)

On December 7, 2017, Target served Tromba with its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission by electronic mail and by U.S. Mail. Responses were due on January 6, 2018. Tromba failed to timely respond to the discovery requests. (Doc. #33-2, Exh. B.) The following facts are established by the Requests for Admission:

> REQUEST NO 1: Admit that Prestige is bound by the General Contract.
>
> REQUEST NO 2: Admit that Target paid Prestige all amounts owed to Prestige under the General Contract.
>
> REQUEST NO 3: Admit that Prestige failed to pay one or more Subcontractors in full in connection with work performed on the Project.
>
> REQUEST NO 4: Admit that Prestige failed to take· any action to cause any lien(s) that attached to any Target asset in connection with the Project to be released, bonded against, and/or discharged.

REQUEST NO 5: Admit that Prestige entered into the Factoring Agreement with Capital.

REQUEST NO 6: Admit that Tromba authored the email described in paragraph 21 of the Third-Party Complaint.[1]

REQUEST NO 7: Admit that the statement contained in the email described in paragraph 21 of the Third-Party Complaint that "[a]ll payments are still made to Prestige and sent to our office at: 5507 Nesconset Highway, Suite 10-239 Mt. Sinai, NY. 11766. I don't know why Capital [S]olutions Bancorp is contacting you, but they do not represent my company in any capacity nor provide any services," was false.

REQUEST NO 8: Admit that the author of the email referenced in Request No. 7 knew the statements contained therein were false.

REQUEST NO 9: Admit that the author of the email referenced in Request No. 7 intended that Target rely on the false statements contained therein by paying Prestige rather than Capital.

REQUEST NO 10: Admit that Target justifiably and reasonably relied on the false statements contained in the email referenced in Request No. 7.

REQUEST NO 11: Admit that, in reliance on the false statements contained in the email referenced in Request No. 7, Target paid Prestige, rather than Capital, for work Prestige performed in connection with the Project.

REQUEST NO 12: Admit that Tromba authored the email described in paragraph 23 of the Third-Party Complaint.

---

[1] The text of the email in paragraph 21 is also quoted in Request No 7.

> REQUEST NO 13: Admit that the statement contained in the email described in paragraph 23 of the Third-Party Complaint that "I will have my attorney contact [Capital] tomorrow. I apologize for their nonsense and false representations. I'm not sure what they're thinking, but my attorney will put an end to it. They do not represent [Prestige] in any capacity," was false.
>
> REQUEST NO 14: Admit that the author of the email referenced in Request No. 13 knew the statements contained therein were false.
>
> REQUEST NO 15: Admit that the author of the email referenced in Request No. 13 intended that Target rely on the false statements contained therein by paying Prestige rather than Capital.
>
> REQUEST NO 16: Admit that Target justifiably and reasonably relied on the false statements contained in the email referenced in Request No. 13.
>
> REQUEST NO 17: Admit that, in reliance on the false statements contained in the email referenced in Request No. 13, Target paid Prestige, rather than Capital, for work Prestige performed in connection with the Project.

(Doc. #33-1, Exh. A.)

Under Rule 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

6

Defendant has not sought to rectify his failure to respond, and therefore the facts above are deemed admitted.

**III.**

Target asserts both negligent and intentional misrepresentation claims against Tromba, and seeks judgment in its favor in the amount of $132,319.59, the amount it paid to Capital to settle the lawsuit claims. Target relies on the following representations in support of both claims:

> (1) that Prestige had no business relationship with Capital, (2) that Capital had no right to Prestige's receivables from Target, (3) that Prestige's lawyer would contact Capital directly to "put an end" to Capital's purportedly false claims that it had a right to obtain Prestige's receivables, and (4) that Target should pay Prestige, rather than Capital, for the work Prestige performed on the Project.

(Doc. #33, pp. 8-9.) Tromba argues that he was acting on behalf of Prestige in an official capacity, and therefore cannot be held individually liable without piercing the corporate veil. The Court rejects this argument, and finds Target is entitled to summary judgment.

**A. Individual Liability**

The Court rejects defendant's argument that he cannot be held personally liable for the conduct alleged in the Complaint. "Individual officers and agents of a corporation are personally liable where they have committed a tort even if such acts are

7

performed within the scope of their employment or as corporate officers or agents." White-Wilson Med. Ctr. v. Dayta Consultants, Inc., 486 So. 2d 659, 661 (Fla. 1st DCA 1986). "A corporate officer or representative of a defendant corporation is not shielded from individual liability for his own torts." First Fin. USA, Inc. v. Steinger, 760 So. 2d 996, 998 (Fla. 4th DCA 2000) (citation omitted). "A contrary rule would enable a director or officer of a corporation to perpetrate flagrant injuries and escape liability behind the shield of his representative character, even though the corporation might be insolvent or irresponsible." Orlovsky v. Solid Surf, Inc., 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981). "A corporate officer or agent must be alleged to have acted tortiously in his individual capacity in order to be individually liable." White-Wilson Med. Ctr., 486 So. 2d at 661.

**B. Intentional Misrepresentation**

Count II asserts a claim for intentional misrepresentation against Tromba.

> The elements of an intentional misrepresentation claim in Florida are "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation."

Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010). Based on the admissions, Target has established that Tromba authored the emails

(Admissions No 6 and 12), knowing (Admissions No 8 and No 14) that asserting that Prestige had no business with Capital and that Prestige was the rightful payee were false statements (Admissions No 7 and No 13). Target has further established that the statements were made with the intent to induce Target to pay Prestige instead (Admissions No 9 and 15), causing Target to pay a settlement amount to Capital in reliance on Tromba's emails (Admissions No 11 and No 17). The Court finds that Target is entitled to summary judgment as to Count II.

**C. Negligent Misrepresentation**

Count III asserts a claim of negligent misrepresentation against Tromba.

> To state a cause of action for negligent misrepresentation, a plaintiff must show:
>
> (1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely and [sic] on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation.

Specialty Marine & Indus. Supplies, Inc. v. Venus, 66 So. 3d 306, 309 (Fla. 1st DCA 2011). As with the intentional misrepresentation claim, Tromba authored the emails containing misrepresentations which, he asserts, were true when they were made, and he should have known the statements were false. (Admission No. 5; Doc. #33-

9

4, Exh. D.) The statements were made with the intent to induce Target to pay Prestige, and Target was injured through its justifiable reliance on Tromba's statement as the President of the company. (Admissions No. 10 and No. 11.) The Court finds that Target is entitled to summary judgment on Count III.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's Motion for Summary Judgment Against Giuseppe Tromba a/k/a Joe Tromba (Doc. #33) is **GRANTED** as to Counts II and III. The Clerk shall enter judgment in favor of Target and against Giuseppe Tromba as to Counts II and III in the amount of $132,319.59.
2. The Clerk shall terminate all pending motions and deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of May, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record
Defendant